# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20421
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANZ JOSEF HAMBRICK

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-338-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Franz Josef Hambrick appeals his guilty plea conviction for conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. Hambrick argues that the district court plainly erred by failing to withdraw his guilty plea after the Government argued against his receiving a downward adjustment for acceptance of responsibility in violation of the plea agreement.

Because Hambrick did not object below, the court reviews for plain error. See United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001). The court decides

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether there has been a breach by determining whether the Government's conduct is consistent with the parties' reasonable understanding of the agreement. Id.

The Government arguably did not breach the plea agreement because Hambrick did not accept responsibility in the manner contemplated by the Sentencing Guidelines. U.S.S.G. § 3E1.1, comment, (n.1(b), (g)). However, if the Government breached the plea agreement by opposing the reduction for an acceptance of responsibility, Hambrick has not shown under plain error review that any error affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. See United States v. Miller, 406 F.3d 323, 336 (5th Cir. 2005). The record reflects that the district court considered Hambrick's conduct as described in the presentence report and allowed Hambrick and his counsel to respond to the recommendation that he not receive the adjustment for acceptance of responsibility. Hambrick has not shown that if the Government had not opposed the adjustment for the acceptance of responsibility, the district court would have made the adjustment. Id.

The judgment is AFFIRMED.